IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE M. DIXON, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-532 |
| | : | |
| ALLSTATE INSURANCE COMPANY et al., | : | |
| *Defendants*. | : | |

PRATTER, J.                                                                         MARCH 27, 2017

**MEMORANDUM**

Anne Dixon moves to remand this action to the Philadelphia Court of Common Pleas. For the reasons that follow, the Court will grant Ms. Dixon's motion.

**I.    PROCEDURAL BACKGROUND**

On January 21, 2017, Ms. Dixon filed a complaint in the Philadelphia Court of Common Pleas against (i) Allstate Insurance Company, Tracey Miller, Wendy McClure, Longacre Appraisal and Adjustment Service, Inc., Karen Washko, and Laura Kerns (the "Allstate Defendants"), and (ii) Steven Feinstein and Zenstein Ballard, P.C. (the "Zenstein Defendants"). Ms. Dixon alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, arising out of Ms. Dixon's dealings with the Allstate and Zenstein Defendants in connection with previous litigation. On February 6, 2017, the Allstate Defendants filed a Notice of Removal. The Notice of Removal expressly states that it was filed on behalf of the Allstate Defendants only and that the Zenstein Defendants had not been served with process at the time the Notice was filed. One week later, the Allstate and Zenstein Defendants filed separate motions to dismiss. After Ms. Dixon failed to timely respond to the

Allstate and Zenstein Defendants' motions, the Court ordered Ms. Dixon to respond. Thereafter, on March 8, 2017, Ms. Dixon filed a motion for summary remand, which the Allstate and Zenstein Defendants oppose.[1]

## II. LEGAL STANDARD

Section 1441(a) of 28 U.S.C. authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant seeking removal must file a notice of removal with the district court within 30 days of plaintiff's service of the complaint. 28 U.S.C. § 1446(a), (b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." *Ramos v. Quien*, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (citations omitted). Because federal courts are courts of limited jurisdiction, the federal removal statutes are to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "[A]ll doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (citation omitted).

Once a defendant has removed an action, 28 U.S.C. § 1447 authorizes a plaintiff to seek a remand to state court. A district court can remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure. *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a procedural defect in the notice of removal must be made within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c). A motion for remand

---

[1] Ms. Dixon's motion also contains requests for other miscellaneous relief, which the Court need not address because the Court is granting Ms. Dixon's motion for remand.

2

premised on lack of subject matter jurisdiction can be made at any time before final judgment. 28 U.S.C. § 1447(c).

### III. DISCUSSION

Ms. Dixon argues that the Allstate Defendants did not properly remove this action because the Zenstein Defendants did not join in or consent to the removal of this action, even though the Zenstein Defendants were served with the state court complaint on February 2, 2017, four days before the Allstate Defendants filed their Notice of Removal. The Allstate Defendants respond that their failure to obtain the Zenstein Defendants' consent is excused because, after exercising what they describe as reasonable diligence, they determined that the Zenstein Defendants had not been served. The Zenstein Defendants take the position that they did consent to removal because counsel for the Zenstein Defendants discussed removal with counsel for the Allstate Defendants and "[t]here was an agreement reached as to removal, who was going to remove it and when." Zenstein Def. Br. Opp. Remand 2 (Doc. No. 11). Notwithstanding these after-the-fact protestations, the Court will grant Ms. Dixon's motion for remand because (i) the Allstate Defendants have not met their burden to establish compliance with the applicable removal procedures, and (ii) the Zenstein Defendants' alleged oral consent for removal does not satisfy the § 1446 procedural requirements.

#### A. Relevant Facts Recounted

Ms. Dixon filed her state court complaint on January 21, 2017. The complaint was served on the Allstate Defendants on January 23, 2017. On January 27, 2017, counsel for the Allstate Defendants allegedly spoke with Mr. Feinstein (one of the defendants), who stated that neither he nor his firm, Zenstein Ballard, had been served with the complaint. The Zenstein

Defendants were, however, served with Ms. Dixon's complaint on February 2, 2017.[2] The state court record did not include the information concerning the February 2 service on the Zenstein Defendants until February 15, 2017. The Allstate Defendants filed their Notice of Removal on February 6, 2017.

### B. Allstate Defendants' Argument

The Allstate Defendants' argument opposing remand is based entirely on the rule set forth in *Laurie v. Nat'l R.R. Passenger Corp.*, No. 01-6145, 2001 WL 34377958 (E.D. Pa. Mar. 13, 2001), that when removing an action to federal court "a defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served." *Id.* at *1 (citing *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992)). District courts in this Circuit are split on whether to follow the *Laurie* inclusion of a "reasonable diligence" exception into what is now a statutory consent requirement. *Compare Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 522 (D.N.J. 2012) (holding "that the exercise of reasonable diligence in attempting to obtain consent of all codefendants prior to removal is not the controlling standard with respect to the rule of unanimity"); *Leuzzi v. Dollar Tree Stores Inc.*, No. 05-4814, 2005 WL 2972982, at *1-*2 (E.D. Pa. Nov. 4, 2005) (finding the fact that a state court docket did not reflect proof of service did not excuse removing defendant from obtaining consent of co-defendants where removing defendant knew the identity of its co-defendants at time of removal); *Johnson v. Vertis, Inc.*, No. 02-6711,

---

[2] The Allstate Defendants assert that the affidavits of service filed on the state court docket relate only to service of motions. However, the documents the Allstate Defendants submitted in opposing remand make clear that the Zenstein Defendants were served with Ms. Dixon's state court complaint. For example, Ms. Dixon requested that the Bucks County Sheriff serve "Motion . . . ***and Fact/Complaint/Exhibits*** Attached upon [Steven Feinstein and Zenstein Ballard, P.C.]" *See* Allstate Def. Br. Opp. Remand Ex. D at pp. 1,4 (emphasis added) (Doc. No. 12). The process server's return of service reports show that the process server received the "SHERIFF COMPLAINT CIVIL ACTION" on January 23, 2017 and served the Zenstein Defendants on February 2, 2017. Allstate Def. Br. Opp. Remand Ex. D at pp. 3, 6.

2002 WL 31388817, at *1 (E.D. Pa. Oct. 23, 2002) (refusing to excuse failure to obtain consent of co-defendants prior to removal based on an alleged delay in proof of service appearing on the state court docket) *with Greco v. YellowPages.com, LLC*, No. 09-1502, 2009 WL 3571897, at *1 (M.D. Pa. Oct. 26, 2009) (embracing *Laurie* as correctly stating the applicable law); *DiLoreto v. Costigan*, Nos. 08-989, 08-990, 2008 WL 4072813, at *4 (E.D. Pa. Aug. 29, 2008) (quoting the *Laurie* rule approvingly).

Here, the Court need not decide whether or not the exercise of reasonable diligence excuses a removing defendant from obtaining the consent of its co-defendant because the Allstate Defendants have not demonstrated reasonable diligence.

In *Laurie*, the court found that the removing defendant exercised reasonable diligence because "up until the day it filed its notice of removal . . . it checked the docket repeatedly, and called the Office of the Prothonotary . . . to learn whether a proof of service had been filed but not yet docketed." 2001 WL 34377958, at *1. The Allstate Defendants contend they demonstrated reasonable diligence because they "repeatedly checked the Philadelphia Court of Common Pleas dockets" and "contacted co-Defendant Steven Feinstein who advised that the Zenstein Defendants had not been served." Allstate Def. Br. Opp. Remand 5. However, *Laurie* opines that reasonable diligence requires, at a minimum, that a removing defendant make efforts up until the day the notice of removal is filed to ascertain whether or not a co-defendant was served with process. Here there is no information that the Allstate Defendants contacted the Zenstein Defendants on February 6, 2017, prior to filing the Notice of Removal. This alone demonstrates that the Allstate Defendants did not exercise reasonable diligence as envisioned by *Laurie*, even assuming *arguendo* that the Court was willing to adopt the *Laurie* approach. *See Greco*, 2009 WL 3571897, at *1 (finding that removing defendant did not exercise reasonable

5

diligence because it had not called its co-defendant prior to filing for removal). Had the Allstate Defendants done so, they would have learned that the Zenstein Defendants had, in fact, been served four days prior. Nor is there evidence that the Allstate Defendants contacted the Philadelphia County Court of Common Pleas Office of Judicial Records prior to filing its Notice of Removal to inquire as to whether that office had received, but not yet docketed, proof of service as to the Zenstein Defendants.

The Allstate Defendants' January 27, 2017 call with Mr. Feinstein does not help their cause. This call occurred only *six days* after Ms. Dixon filed her state court complaint. It is not even *Laurie* "reasonable diligence" to (i) call a co-defendant six days after the filing of a complaint, (ii) learn that the co-defendant had not yet been served, and then (iii) fail to check back with that co-defendant before filing a notice of removal *ten days later*. This is all the more so because the Allstate Defendants were not under any time constraint to file their Notice of Removal. They could have done so any time on or before February 22, 2017.

The record demonstrates that the Zenstein Defendants were served on February 2, 2017, four days before the Allstate Defendants filed their Notice of Removal. Section 1446 requires all properly served defendants to join in or consent to removal. Because district courts must strictly construe the removal statutes and resolve all doubts in favor of remand, *In re Briscoe*, 448 F.3d at 217, the Court finds that the steps taken by the Allstate Defendants did not excuse them of their duty to obtain the consent of the properly served co-defendants.

### C. Zenstein Defendants' Argument

The Zenstein Defendants argue that an alleged phone call between themselves and counsel for the Allstate Defendants where the parties mutually agreed to removal satisfies the consent requirement. The Zenstein Defendants provide no case law to support the contention

that an oral agreement between co-defendants, never memorialized in an official document or contemporaneously written communication between the parties, satisfies § 1446's consent requirement when the alleged agreement is (i) not referenced in the Notice of Removal, and (ii) not brought to the attention of the Court. In fact, courts in this District have repeatedly rejected the contention that a removing party's representation as to a co-defendant's consent satisfies § 1446's consent requirement *even when that representation is contained in the notice of removal. See Casey v. Xpedx*, No. 16-5135, 2016 WL 6962576, at *1-*2 (E.D. Pa. Nov. 28, 2016) (finding that § 1446(b)(2)(A) requires each properly served defendant to "file a consent to removal either individually or jointly within the time frame set forth under [the statute]"); *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004) ("It is well-settled in this district that one defendant may not speak for another in filing a notice of removal."); *Ogletree v. Barnes*, 851 F. Supp. 184, 187, 190 (E.D. Pa. 1994) (holding that statement in notice of removal that "[a]ll defendants to this action consent to its removal" did not satisfy § 1446 because the co-defendants "took no action to clearly and unambiguously bind themselves to the removal").

It is also well established in this District that filing a motion to dismiss in the federal action, as the Zenstein Defendants have done here, does not satisfy the requirement that all properly served defendants join in or consent to the removal. *McGuire v. Safeware, Inc.*, No. 13-3746, 2013 WL 5272767, at *3 (E.D. Pa. Sept. 17, 2013) ("[A] non-joining defendant's filing of responsive pleadings or motions to dismiss in federal court does not explicitly evidence consent sufficient to satisfy § 1446[]"); *see also The Knit With v. Aurora Yarns*, No. 09-5981, 2010 WL 844739, at *10 (E.D. Pa. Mar. 11, 2010) ("[A] motion to dismiss alone cannot provide the official and unambiguous consent to federal jurisdiction mandated by § 1446."); *Ramos*, 631 F. Supp. 2d at 607 n.2 (rejecting argument that the filing of a motion to dismiss satisfies § 1446);

*Ogletree*, 851 F. Supp. at 190 (expressing "serious[] doubt[]" as to whether "the filing of a motion to dismiss in federal court is sufficient to constitute consent to removal").

Accordingly, the Court finds nothing in the record demonstrating that the Zenstein Defendants officially and unambiguously consented to removal.

### IV. CONCLUSION

Ms. Dixon's Motion for Remand is well supported by the applicable law and, for the foregoing reasons, will be granted.

\*   \*   \*

An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter<br>
GENE E.K. PRATTER<br>
United States District Judge